IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| In re: | ) | CIVIL NO. 07-00095 SOM/BMK |
| | ) | |
| UPLAND PARTNERS, a Hawaii Limited Partnership, | ) ) | (Bankr. Case No. 97-03746) |
| | ) | |
| Debtor, | ) ) | ORDER AFFIRMING BANKRUPTCY JUDGE'S ORDERS AWARDING FEES |
| WILLIAM S. ELLIS, JR., | ) | AND EXPENSES TO THE |
| | ) | BANKRUPTCY TRUSTEE AND HIS |
| Appellant | ) | ATTORNEYS |
| | ) | |
| vs. | ) | |
| | ) | |
| RICHARD EMERY, TRUSTEE, and LYLE S. HOSODA & ASSOCIATES, LLC, | ) ) ) | |
| | ) | |
| Appellees. | ) | |

ORDER AFFIRMING BANKRUPTCY JUDGE'S ORDERS AWARDING FEES AND EXPENSES TO THE BANKRUPTCY TRUSTEE AND HIS ATTORNEYS

I.       INTRODUCTION.

William S. Ellis, Jr., has filed another appeal from orders issued by the Bankruptcy Court in the bankruptcy proceeding involving debtor Upland Partners.  In this appeal, Ellis takes issue with Bankruptcy Court orders approving and authorizing payment of fees and expenses to the Bankruptcy Trustee, Richard Emery, and his attorneys, Lyle S. Hosoda & Associates, LLC.  See Orders on Applications for Compensation/Reimbursement for Expenses (Jan. 22, 2007) (Bankr. Doc. Nos. 3632-33).  These orders granted the Trustee's fifth and final application for fees and expenses and Lyle S. Hosoda &

Associates, LLC's sixth and final application for fees and expenses.

Although Ellis's Opening Brief appears to be attacking previous orders issued by this court that affirmed other orders allowing and awarding fees, the present appeal is limited to the January 22, 2007, orders, as this court has already affirmed the previous orders.  This court has rejected many of the issues raised in this appeal, and Ellis's remaining arguments are meritless.  The court therefore affirms the orders appealed from in this case.[1]

II.     BACKGROUND.

The parties are familiar with the background of this case.  Basically, Upland Partners unsuccessfully tried to develop property on Maui, Hawaii, called the Kulamanu Project.  Upland Partners had problems developing the property, and, ultimately, an involuntary petition for bankruptcy reorganization under Chapter 11 was filed on November 6, 1997.  Upland Partners' bankruptcy estate consisted of the undeveloped land on which the Kulamanu Project was to be built.

---

[1] For purposes of determining whether to hold a hearing, the court equates this appeal to a motion.  Under Local Rule 7.2(d), this court may decide any motion without a hearing.  In the interest of not running up the attorneys' fees being incurred in response to Ellis's numerous appeals, the court decides the present appeal without a hearing.

In his Opening Brief, Ellis says that the Trustee negotiated a sale of Upland Partners' property for $700,000. However, the Trustee actually sold the property to KRS Development, Inc. ("KRS"), for $2.2 million.  The Bankruptcy Court confirmed this sale on June 27, 2002, and the deeds conveying the property to KRS were filed on August 15, 2002. This court affirmed the Bankruptcy Judge's finding that the $2.2 million price was, under the circumstances, fair, reasonable, in the best interest of Upland's bankruptcy estate, and the best price that could have been achieved. See Order Granting Motion to Dismiss Appeal of Order Confirming Sale (Dec. 4, 2002) (filed in Civil 02—00471 SOM/LEK), aff'd on other grounds, Appeal No. 02-17433, Memorandum Decision (Aug. 19, 2004).

Ellis has filed appeals of nearly every order issued by the Bankruptcy Court.  Due in large part to Ellis's litigiousness, over 3,700 documents have been filed in the Bankruptcy Court, turning what should have been a relatively simple case into one of the largest in the history of the Bankruptcy Court for the District of Hawaii.  The Bankruptcy Judge has called the underlying case "one of the most litigious cases ever to appear in this court." See In re Upland Partners, No. 97-03746, Findings of Fact and Conclusions of Law Regarding Payment of Fees and Expenses to Trustee and His Counsel Under 11 U.S.C. § 506(c) (Feb. 11, 2003).  Recently, the Bankruptcy Court

and the Ninth Circuit Court of Appeals have taken the extraordinary step of imposing prefiling review requirements on Ellis.  See Orders, Bankr. No. 97-03746 (March 16 and 21, 2006); Order, Court of Appeals No. 07-80057 (July 30, 2007).

This court has previously affirmed multiple awards of fees and expenses to the Trustee and his attorneys.  In Ellis's opening brief, Ellis argues that he should be allowed to relitigate those previous awards of fees and expenses based on the Ninth Circuit's Memorandum Order filed on September 2, 2005, in In re Upland Partners (Ellis v. Emery), No. 04-17205.  In that order, the Ninth Circuit stated that it lacked jurisdiction in bankruptcy cases to hear interlocutory appeals from orders awarding interim compensation and reimbursement. Id.  The Ninth Circuit did not rule in that order that this court lacked such jurisdiction.  To the contrary, this court tacitly granted Ellis leave to appeal those previous orders and therefore had jurisdiction over those orders pursuant to 28 U.S.C. § 158(a). Even if Ellis could be said to have prematurely appealed those orders, this court would not now reconsider its earlier rulings regarding the fees and expenses of the Trustee and his attorneys.

III.     STANDARD OF REVIEW.

The court reviews a Bankruptcy Court's findings of fact under a clearly erroneous standard of review, whereas the court reviews a Bankruptcy Court's determinations of questions of law

4

de novo.  In re Kimura 969 F.2d 806, 810 (9th Cir. 1992) ("The court reviews the bankruptcy court's findings of fact under the clearly erroneous standard and its conclusions of law de novo."); In re Marquam Inv. Corp., 942 F.2d 1462, 1465 (9th Cir. 1991) ("We review the bankruptcy court's findings of fact under the clearly erroneous standard and its conclusions of law de novo."); accord In re Guadarrama, 284 B.R. 463, 468 (C.D. Cal. 2002) ("When reviewing a decision of a bankruptcy court, a district court functions as an appellate court and applies the standards of review generally applied in federal courts of appeal.  The district court must accept the bankruptcy court's findings of fact unless they are clearly erroneous.  It reviews the bankruptcy court's conclusions of law de novo.") (internal citations omitted); Shmavonian v. Lewis (In re Lewis), 79 B.R. 893, 895 (9th Cir. B.A.P. 1987) ("A trial court's findings of fact will not be reversed unless clearly erroneous, Bankr. Rule 8013, but its conclusions of law are subject to de novo review.").  Applications for professional fees under 11 U.S.C. § 330(a), however, are reviewed under a reasonableness standard. See In re Circle K Corp., 279 F.3d 669, 671 (9th Cir. 2002). Appeals of such fee awards under § 330(a) are reviewed for abuse of discretion.  See In re Smith, 317 F.3d 918, 923 (9th Cir. 2002); In re I Don't Trust, 143 F.3d 1, 3 (1st Cir. 1998).

IV.     ANALYSIS.

Ellis appears to have standing to appeal the fees and expenses orders because he is an unsecured creditor.  In this appeal, Ellis makes numerous arguments, most of which this court has already rejected.

Ellis first argues that the Trustee failed to perform the duties required of him under 11 U.S.C. § 1106(a).  Ellis argues that the Trustee should have collected and reduced Upland Partners' bankruptcy estate to money and that he should have closed the estate "as expeditiously as is compatible with the best interests of the parties in interest."  Opening Brief at 22-23.  Ellis says that, rather than selling off the property comprising Upland Partners' bankruptcy estate, the Trustee should have recommended dismissal of the underlying bankruptcy proceeding because Upland Partners lacked assets to distribute to unsecured creditors.  This argument is unpersuasive, as Ellis fails to show such a lack of assets.  To the contrary, the Bankruptcy Court has issued orders allowing the distribution of money to Upland Partners' unsecured creditors. See Amended Order Re: Trustee Richard Emery's Motion to Distribute the Remaining Assets of the Estate (Mar. 13, 2007) (authorizing disbursement of funds to certain unsecured creditors on a pro rata basis); Memorandum Decision on Trustee's Motion to Distribute Remaining Assets of the Estate and Close this Case (Oct. 6, 2005) (noting

that there was $80,745.01 for distribution to unsecured creditors and authorizing the Trustee to distribute that money on a pro rata basis to holders of allowed claims).

Moreover, Ellis should have made his first argument when the Bankruptcy Court approved the sale of the property, rather than when the bankruptcy proceedings are nearly over and in opposition to the payment of the Trustee's fees and expenses in this matter.  This court so ruled when Ellis made a similar argument in a previous appeal.  In <u>In re Upland Partners (Ellis v. KRS Dev. Inc.)</u>, Civ. No. 02-00636 SOM/LEK, Ellis argued that the Bankruptcy Court should have dismissed Upland Partners' bankruptcy proceeding and should not have confirmed the sale of the bankruptcy estate to KRS.  In that case, the court ruled that Ellis's argument was moot, as the court could grant no relief to Ellis that would not involve undoing the sale of the bankruptcy estate to KRS and as the court had already upheld the sale of the bankruptcy estate to KRS.  <u>See</u> Order Affirming Bankruptcy Judge's Order That Denied the Motion to Dismiss Chapter 11 Proceeding by William S. Ellis, Jr., Civ. No. 02-00636 SOM/LEK (Jan. 14, 2003). Ellis is unpersuasive in arguing that the Trustee should not be paid for work that has already been approved of.

Ellis's second argument is equally unpersuasive.  Ellis argues that the sale of the property to KRS was unreasonable and unnecessary and that, as a result, neither the Trustee nor his

attorneys should be paid.  Opening Brief at 23-24.  This court and the Ninth Circuit have already affirmed the Bankruptcy Court's order approving that sale.  See In re Upland Partners (Kula Olinda Assocs. v. Emery), Civ. No. 02-00471 SOM/LEK, Order Granting Motion to Dismiss Appeal of Order Confirming Sale (Dec. 4, 1002), aff'd Appeal No. 02-17433, Memorandum Disposition (Aug. 19, 2004).  Ellis may not relitigate the merits of that previously decided matter by arguing that the Trustee and his attorneys should not be paid for the work that they have done.

        Ellis's third argument has also been litigated and rejected by this court.  In that argument, Ellis says that the Trustee and his attorney should not be paid from the proceeds of the property sold to KRS because that property was "fully encumbered."  Opening Brief at 24-25.  Besides failing to demonstrate that the property was, in fact, fully encumbered, Ellis is simply repeating an argument this court earlier rejected:

> Ellis characterizes this issue as: "whether or not professional fees and expenses of a trustee's counsel may be paid from the proceeds of sale of secured property having no equity."  Because Ellis does not explain what he means by this, the court gleans that he is complaining about the fees and expenses being paid out of the proceeds of the sale of the property to KRS.  Those proceeds became part of Upland's bankruptcy estate and were properly allowed and awarded under § 330.

8

<u>In re Upland Partners (Ellis v. Emery)</u>, Civ. Nos. 04-00193 SOM/BMK; 04-00355 SOM/LEK; 04-00368 SOM/LEK, Order Affirming Bankruptcy Judge's Orders Awarding Fees to the Bankruptcy Trustee's Attorneys (Sept. 16, 2004) at 15-16.  Ellis may not relitigate that issue on the present fees and expenses appeal.

In his fourth argument, Ellis contends that the Trustee acted unreasonably when he unnecessarily moved to sanction Ellis. However, both this court and the Ninth Circuit have affirmed the order sanctioning Ellis.  See <u>In re Upland Partners (Ellis v. KRS Dev. Inc.)</u>, Civ. No. 02-00538SOM/LEK, Order Affirming Sanctions Imposed on William Ellis, Jr. (Dec. 3, 2002), <u>aff'd</u>, Appeal No. 03-15166, Memorandum Decision (Mar. 24, 2004).  Again, Ellis may not relitigate his fourth argument in connection with the present appeal.

Ellis's last argument is that the fees and expenses awarded to the Trustee and his attorneys "should be reduced because they do not bear a sensible and practical relation to the size of the estate, the number of claims involved, services reasonably and necessarily involved, and the tangible benefits conferred on the estate and its creditors."  Opening Brief at 27-28.  As noted above, Ellis's litigiousness has been largely responsible for making the underlying bankruptcy one of the largest in the history of the Bankruptcy Court for the District of Hawaii.  Nearly every action by the Trustee has been contested

and every Bankruptcy Court order appealed by Ellis.  Most of the time, Ellis's arguments have been meritless.  Ellis's litigiousness caused both the Bankruptcy Court and the Ninth Circuit Court of Appeals to impose prefiling review requirements on Ellis.  The underlying bankruptcy case was not the run-of-the-mill case in which the court would expect both the Trustee's and his attorneys' fees and expenses to be modest.  The Trustee and his attorneys did an admirable job under the circumstances in keeping their fees and expenses to a total of a little more than $700,000.  The court is unpersuaded by Ellis's argument that they should not have incurred such a large amount of fees and expenses, as Ellis was the principal cause of those fees and expenses.  The Bankruptcy Court did not abuse its discretion in approving the fees and expenses at issue on this appeal and throughout this entire matter.  Those fees and expenses were reasonable in light of the circumstances of the underlying bankruptcy proceeding.

V.      CONCLUSION.

For the foregoing reasons, the court affirms the January 22, 2007, fees and expenses orders.  The court declines to sanction Ellis for the present appeal.  This case is finally at or near its end, and a further sanction would generate more fees and expenses.

        The Clerk of the Court is directed to close this appeal and to transmit a copy of this order to the Bankruptcy Court.

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, September 19, 2007.



        /s/ Susan Oki Mollway
        Susan Oki Mollway
        United States District Judge

In re Upland Partners, CIVIL NO. 07-00095 SOM/LEK; ORDER AFFIRMING BANKRUPTCY JUDGE'S ORDERS AWARDING FEES AND EXPENSES TO THE BANKRUPTCY TRUSTEE AND HIS ATTORNEYS